Jacob Markowitz, J.
This is an article 78 proceeding by petitioner landlord to review a determination of respondent “ Rent Stabilization Board ” which established the rent at the subject premises at the rent charged on May 31, 1968, plus 25%, for a total of $162.50.
The premises were leased at a rental of $200 per month for a three-year term commencing October 15, 1969. The lease also provided that the landlord agreed to ‘1 create a new masonry opening and install new door and frame so as to provide tenant private access to rear yard and thus create garden apartment ”. - The rent as of the cut-off date of May 31,1968 (N. Y. City Rent Stabilization Law of 1969) was $130 per month. The rent landlord charged the tenant was the cut-off rent, plus the 25% increase permitted by law, plus an increase of $37.50 per month as an amount equal to l/40th of the cost of the improvement (Code of Real Estate Industry Stabilization Assn, of New York City, § 20, subd. [C]).
On application of the tenant, respondent determined that no rental increase for the alleged improvement was warranted, as the improvement did not constitute an increase in services, and that the prior tenant had use of the courtyard by exiting through a large window onto wooden steps. The respondent also sustained the tenant’s claim that the cost of the increase alleged by the landlord was excessive, and concluded that the newly installed door and stairs did not constitute a “ major expenditure ” warranting a rental increase (Opn. No. 721, docket No. 001073, dated Oct. 6,1970).
Respondent’s finding that the prior tenant did have access and /usé of the courtyard is based upon his affidavit, which states that he -occupied the premises from September 15, 1966 to October, 1969, and 11 That during this period of time, I enjoyed *555 the exclusive use of the adjacent yard, having access to the same by means of a set of wooden stairs which I built myself leading from a large window of the apartment to the yard
The managing agent of the premises at the time denies any knowledge of such use by said tenant. The prior tenant’s lease is silent as to the use of the courtyard.
The affidavit does not mention any agreement, oral or written, agreed to with the landlord for use of the courtyard. A person who squats or intrudes upon real property without the permission of the owner obtains no rights thereby.
The finding that the prior tenant was in lawful occupancy of the courtyard during the term of his lease is not supported in the record by probative proof.
The further finding of respondent that the structural alterations do not justify an increase in rent is arbitrary, capricious and unreasonable.
Petitioner claims that the alterations cost $1,800, and he supported it with canceled checks.
Tenant challenged the owner’s alleged cost, submitting an unsworn post-work cost estimate from a contractor which estimates costs for the same job at $525.
Petitioner is entitled to an increase of rent based upon such work performed. However, the amount thereof must be fixed properly by respondent.
The determination of respondent is annulled, and the matter is remanded to respondent to conduct a proper hearing which does not violate due process, and which determination thereon shall not be inconsistent with this opinion.